UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 5:08-513-KKC

BONNIE MORRIS,                                                                               PLAINTIFF

v.                       **MEMORANDUM OPINION AND ORDER**

BOARD OF EDUCATION OF
ESTILL COUNTY, KENTUCKY,                                       DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendant's *motion in limine*. Plaintiff Bonnie Morris ("Morris") alleges that Defendant unlawfully denied her employment opportunities with Estill County Schools because of her visual impairment. In support of this claim, Morris seeks to introduce into evidence a "CD of conversations and transcribed conversations of Plaintiff and administration of elementary school." Rec. 38, Pl.'s Exh. List. For the reasons set forth below, the Court will grant Defendant's *motion in limine* and prohibit the introduction of these transcripts into evidence at trial.

**I.     DISCUSSION**

Federal Rule of Evidence 901 requires that all documents to be submitted into evidence be authenticated, "by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). In this case, Morris has not offered any evidence to support a finding by this Court that the transcripts of conversations with administrators of the Estill County Schools are what she purports them to be.

During her deposition testimony, Morris acknowledged that she recorded these conversation, and subsequently transcribed them without the consent of the witnesses. Rec. 45-4,

Pl.'s Dep. at 43:7-44:3. Morris cannot authenticate the transcripts that she prepared because she broke the recording device and apparently threw it away. *Id*. at 44:8-11. Morris also claims that she no longer has the cassettes from which she made the transcripts. *Id*. at 44:16-45:10. She claims that she recorded over the same tape multiple times and that tape was eventually thrown away or lost.

Because Morris is unable to authenticate the transcripts that she prepared, they are not admissible evidence. Federal Rule of Evidence 901(a) clearly makes authentication a "condition precedent to admissibility." Accordingly, the Court grants Defendant's *motion in limine* and prohibits the introduction into evidence of the transcripts prepared by Morris because they cannot be authenticated.

Dated this 10th day of August, 2010.

Signed By:
*Karen K. Caldwell*
United States District Judge