UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 5:08-cv-00513-KKC

BONNIE MORRIS                                                                  PLAINTIFF

v.                          **OPINION AND ORDER**

BOARD OF EDUCATION OF ESTILL
COUNTY, KENTUCKY                                         DEFENDANT

\* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Plaintiff's Motion to Reconsider the Court's August 10, 2010 Order prohibiting Plaintiff from presenting a transcript of certain tape recorded conversations. (Rec. 54). Plaintiff claims that the transcript of these conversations supports her claims of retaliation. For the reasons set forth below, and for the reasons set forth in the Court's previous Order, the Court will deny Plaintiff's motion.

Plaintiff claims that the Court erred in its prior ruling by failing to consider the appropriate standard for the admissibility of taped conversations. In *United States v. Rivera*, the Seventh Circuit held that, "[a] proper foundation...may be established in two ways: a chain of custody...or alternatively, other testimony could be used to establish the accuracy and trustworthiness of the evidence." 153 F.3d 809, 812 (7th Cir. 1998). However, unlike the instant case, *Rivera* and all other authority relied on by Plaintiff involves audio recordings including tapes in existence at the time of trial. *See United States v. DeJohn*, 368 F.3d 533, 542 (6th Cir. 2004) (considering whether the district court erred by allowing the United States to introduce tape recordings made from a wiretap of the defendant's cell phone into evidence); *United States v. Brown*, 136 F.3d 1176, 1182 (7th Cir. 1998) (considering an argument that the district court

erred "by allowing the admission of six audio tapes depicting the undercover sales of food stamps for cash"); *Rivera*, 153 F.3d 809, 812 (7th Cir. 1998) (considering whether the United States laid a "proper foundation for the admission of duplicate and compilation tapes").

Based on the parties' written submission in this case, it is apparent that Plaintiff does not have the recording device or cassettes which she claims were used to prepare the transcripts sought to be introduced into evidence. Because the cassettes are unavailable, there is no way to authenticate the transcript or determine their accuracy and authentication is a prerequisite to the admissibility of evidence. *See* Fed. R. Evid. 901(a). In the event that Plaintiff has recovered these cassettes, counsel is directed to notify the Court and provide the tapes to opposing counsel for inspection. However, at this time, Plaintiff's Motion for Reconsideration (Rec. 54) is **DENIED.**

This 16th day of August, 2010.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge